UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JARED ROSTRO and**
**ERIC THRELKELD,**
      Plaintiffs,

v.                                                                       No. _____

**BOARD OF COUNTY COMMISSIONERS**
**OF EDDY COUNTY,**
**ROXANN BRANNON,**
**JACQUELINE LUCAS, and**
**JASON SANCHEZ,**
      Defendants.

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DISCLOSURE UNDER THE INSPECTION OF PUBLIC RECORDS ACT, VIOLATION OF NM CIVIL RIGHTS ACT, INVASION OF PRIVACY, NEGLIGENCE, and FOR PUNITIVE DAMAGES**

**COME NOW**, Plaintiffs, **JARED ROSTRO** and **ERIC THRELKELD**, by and through their attorneys, Roxanne R. Rodriguez and Dick A. Blenden and for their Complaint for Damages for Violation of Civil Rights, Wrongful Disclosure, Violation of NM Civil Rights Act, Violation of Inspection of Public Records Act, Negligence and for Punitive Damages states:

**JURISDICTION AND FACTUAL ALLEGATIONS**

1. Plaintiff, Jared Rostro, is a resident of Carlsbad, Eddy County, New Mexico.

2. Plaintiff, Eric Threlkeld, is a resident of Carlsbad, Eddy County, New Mexico.

3. Defendant, Board of County Commissioners of Eddy County ("Eddy County"), is a New Mexico governmental body.

4. Defendant, Roxann Brannon, is the current Human Resources Director for the County of Eddy, NM and is a resident of Carlsbad, NM.

5. Defendant, Jacqueline Lucas, is an employee of the Human Resources department for the County of Eddy, NM and is a resident of Carlsbad, NM.

6. Defendant, Jason Sanchez, is a resident of Pottsboro, Texas.

7. In February, 2023, the County of Eddy received an Inspection of Public Records Act request from Jason Sanchez and/or his counsel, Ramon Soto.

8. The request included requests for the disclosure of the personnel file of Jared Rostro and disclosure of the personnel file of Eric Threlkeld.

9. Jared Rostro is employed by Eddy County as an investigator with the Eddy County Sheriff's Office.

10. Eric Threlkeld is employed by Eddy County as a Captain with the Eddy County Sheriff's Office.

11. The Human Resources Department of Eddy County, directed and managed by Roxann Brannon, maintains the personnel files of the employees of Eddy County in its regular course of business, including the files of Jared Rostro and Eric Threlkeld.

12. Upon information and belief, the Human Resources Department, through its employee Jacqueline Lucas, released both of the personnel files of Jared Rostro and Eric Threlkeld.

13. Upon information and belief, Jacqueline Lucas submitted the two files via electronic mail to counsel for Eddy County, Cas Tabor, whose office then released the two files to Ramon Soto.

14. Upon information and belief, Ramon Soto released the two personnel files to his client, Jason Sanchez.

15. On or about March 7, 2023, Jason Sanchez posted screenshot photos of pages from Jared Rostro's personnel file on the facebook.com page, eddy county wall of shame. The post included Sanchez' personal derogatory comments in addition to the screenshots.

16. On or about March 10, 2023, Jason Sanchez posted screenshot photos of pages from Eric Threlkeld's personnel file on the facebook.com page, eddy county wall of shame. The post included Sanchez' personal derogatory comments in addition to the screenshots.

17. Subsequent to the two posts described above, Jason Sanchez has continued to post both commentary and images disparaging Jared Rostro and Eric Threlkeld.

18. On or about April 24, 2023, Jason Sanchez filed a lawsuit in U.S. District Court against Eddy County and others. The Sanchez Complaint names Jared Rostro and Eric Threlkeld as defendants in their individual capacities.

19. Many of the allegations contained in the Sanchez Complaint are based upon the material improperly disclosed to Ramon Soto and Jason Sanchez.

20. Eddy County, knowing that it violated the Inspection of Public Records Acts with the wrongful disclosure, attempted to correct its error and sent a second disclosure to Ramon Soto, redacting personal information.

21. Eddy County, knowing that it violated the Inspection of Public Records Act a second time by redacting too many entries, attempted to correct its second error and sent a third disclosure to Ramon Soto, asserting the third attempt was correct.

22. Jared Rostro and Eric Threlkeld are in positions of public trust and respect and these public postings were intended to cause doubt in that public trust.

23. The public comments made by Jason Sanchez and release of private information have substantially harmed both Jared Rostro's and Eric Threlkeld's reputation and standing.

24. Eddy County, Roxann Brannon and Jacqueline Lucas failed to use due care in wrongfully releasing confidential information which enabled Jason Sanchez to commit his acts.

25. Jason Sanchez has a long history of requesting information and data regarding Jared Rostro and Eddy County is aware of the personal vendetta that Jason Sanchez has against Jared Rostro and Eric Threlkeld.

26. Eddy County, Roxann Brannon and Jacqueline Lucas knew or should have known that Jason Sanchez would wrongfully and intentionally attack Jared Rostro's and Eric Threlkeld's reputation with the information that they placed in Jason Sanchez' hands.

## COUNT I

## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C.A. § 1983, THE FIRST AMENDMENT AND THE FOURTEENTH AMENDMENT

27. Paragraphs 1 – 26 are incorporated herein.

28. Plaintiffs had a right to privacy under the First and Fourteenth Amendments of the U.S. Constitution.

29. The Defendants, acting under color of state law, disclosed information in which the Plaintiffs had a legitimate privacy interest.

30. There is and was no compelling state interest advanced in the disclosure of the private information.

31. Due to Eddy County's acts or omissions, including but not limited to a failure to properly train its employees, in addition to Roxann Brannon's, Jacqueline Lucas', and Jason Sanchez' actions in disclosing the private information, Plaintiffs suffered a deprivation of their rights, privileges and immunities pursuant to the constitution of the United States of America.

**WHEREFORE**, the Plaintiffs move the Court enter a judgment in their favor, against the Defendants, for maximum amount of compensatory damages under law, prejudgment interest, punitive damages and attorney fees and costs.

## COUNT II

## WRONGFUL DISCLOSURE UNDER THE NEW MEXICO INSPECTION OF PUBLIC RECORDS ACT

32. Paragraphs 1- 31 are incorporated herein.

33. Pursuant to the New Mexico Inspection of Public Records Act ("IPRA"), there is no right to inspect letters of reference concerning employment, letters or memoranda that are matters of opinion in personnel files, or as otherwise provided by law. N.M.S.A. 1978, Sec 14-2-1 (2023).

34. Matters of opinion in personnel files includes information regarding the employer/employee relationship such as internal evaluations; disciplinary reports or documentation; promotion, demotion or termination information; or performance assessments. Cox v. New Mexico Dept of Public Safety, 2010-NMCA-096, 148 N.M. 934, 242 P.3d 501, cert. granted, 2010-NMCERT-010, 149 N.M. 64, 243 P.3d 1146, cert. quashed, 2011-NMCERT-006, 150 N.M. 763, 266 P.3d 632.

35. The materials disclosed by the County of Eddy, Roxann Brannon, and Jacqueline Lucas included documents and information regarding the Plaintiffs that should not have been disclosed.

**WHEREFORE**, the Plaintiffs move the Court enter a judgment in their favor, against the Defendants, for maximum amount of compensatory damages under law, prejudgment interest, punitive damages and attorney fees and costs.

## COUNT III

## VIOLATION OF NEW MEXICO CIVIL RIGHTS ACT

36. Paragraphs 1- 35 are incorporated herein.

37. At all times material hereto, Roxann Brannon and Jacqueline Lucas were acting on behalf of, under color of or within the course and scope of the authority of Eddy County.

38. Due to the acts or omissions of Jason Sanchez, Roxann Brannon and Jacqueline Lucas, Plaintiffs suffered a deprivation of their rights, privileges and immunities pursuant to the bill of rights of the constitution of New Mexico.

**WHEREFORE**, the Plaintiffs move the Court enter a judgment in their favor, against the Defendants, for maximum amount of compensatory damages under law, prejudgment interest, punitive damages and attorney fees and costs.

## COUNT IV

## INVASION OF PRIVACY - PUBLICATION OF PRIVATE FACTS

39. Paragraphs 1- 38 are incorporated herein.

40. Roxann Brannon and Jaqueline Lucas, acting on behalf of Eddy County, disclosed private information about Plaintiffs to Ramon Soto and Jason Sanchez.

41. That disclosure is objectionable to a reasonable person.

42. Roxann Brannon and Jaqueline Lucas could have reasonably expected that such a disclosure would subject the Plaintiffs to further publication of the private information.

43. In fact, Jason Sanchez published the private information both online and in court pleadings.

44. Those disclosures by Jason Sanchez are objectionable to a reasonable person.

**WHEREFORE**, the Plaintiffs move the Court enter a judgment in their favor, against the Defendants, for maximum amount of compensatory damages under law, prejudgment interest, punitive damages and attorney fees and cost.

## COUNT V

## NEGLIGENCE - PRIMA FACIE TORT

45. Paragraphs 1- 44 are incorporated herein.

46. Roxann Brannon and Jaqueline Lucas, acting on behalf of Eddy County, failed to properly redact the files prior to providing them to Ramon Soto and Jason Sanchez.

47. Roxann Brannon and Jaqueline Lucas knew with certainty that the disclosure of information would cause harm to the Plaintiffs.

48. The conduct of Roxann Brannon and Jaqueline Lucas was not justifiable under all the circumstances.

49. Jason Sanchez published the information about the Plaintiffs either with the intent that it would cause harm to the Plaintiffs or knowing with certainty that the publication would cause harm to the Plaintiffs.

50. Jason Sanchez's actions have harmed the Plaintiffs.

**WHEREFORE**, the Plaintiffs move the Court enter a judgment in their favor, against Defendants, for maximum amount of compensatory damages under law, prejudgment interest, punitive damages and attorney fees and costs.

Respectfully Submitted,

**575 LAW GROUP, LLC**

_____
Roxanne R. Rodriguez
310 N. Canyon
Carlsbad, NM 88220
(575) 628-8248
roxanne@575lawgroup.com

Dick Blenden
211 W. Mermod
Carlsbad, NM 88220
(575) 887-2071
dblenden@pvtnetworks.net

Attorneys for Plaintiffs

STATE OF NEW MEXICO     :
                        : ss.
COUNTY OF EDDY          :

Before me, a notary public, appeared **Jared Rostro** *(Affiant)*, to me personally known, who upon oath deposes and states:

That Affiant is a Plaintiff in the above styled and numbered case; that Affiant has read the above and foregoing complaint and knows the matters and things therein contained to be true and correct to the best of his knowledge, information and belief.

_____
Jared Rostro

SUBSCRIBED AND SWORN TO before me this 12th day of January, 2024.

_____
Notary Public

ROXANNE R. RODRIGUEZ
STATE OF NEW MEXICO
NOTARIAL OFFICER
STATE BAR # 14671

STATE OF NEW MEXICO     :
                        : ss.
COUNTY OF EDDY          :

Before me, a notary public, appeared **Eric Threlkeld** *(Affiant)*, to me personally known, who upon oath deposes and states:

That Affiant is a Plaintiff in the above styled and numbered case; that Affiant has read the above and foregoing complaint and knows the matters and things therein contained to be true and correct to the best of his knowledge, information and belief.

_____
Eric Threlkeld

SUBSCRIBED AND SWORN TO before me this 12th day of January, 2024.

_____
Notary Public

ROXANNE R. RODRIGUEZ
STATE OF NEW MEXICO
NOTARIAL OFFICER
STATE BAR # 14671