IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARED ROSTRO and
ERIC THRELKELD,

    Plaintiffs,

v.                                          Case No. 24-cv-0055 KG/JHR

BOARD OF COUNTY COMMISSIONERS
OF EDDY COUNTY, ROXANN
BRANNON, JACQUELINE LUCAS,
and JASON SANCHEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Jason Sanchez's Motion to Dismiss Remaining Counts IV and V, (Doc. 9), filed on February 1, 2024. Plaintiffs filed their Response, (Doc. 11), on February 15, 2024, and Defendant Sanchez filed his Reply, (Doc. 12), on February 16, 2024. Having considered the briefing and relevant caselaw, the Court grants Defendant Sanchez's Motion to Dismiss, (Doc. 9).

*I.*    *Background*

According to the Complaint, Plaintiff Jared Rostro is employed by Eddy County as an investigator with the Eddy County Sheriff's Office (ECSO) and Plaintiff Eric Threlkeld is a Captain for ECSO. (Doc. 1) at 2. It is alleged that Defendant Jacqueline Lucas, an employee of the Human Services Department, released unredacted personnel files of Jared Rostro and Eric Threlkeld to counsel for Eddy County, Cas Tabor. *Id.* It is also alleged that Cas Tabor then released the files to Ramon Soto, counsel for Defendant Sanchez, who subsequently released the files to Defendant Sanchez. *Id.*

On or about March 7, 2023, Defendant Sanchez posted screenshots of Jared Rostro's personnel file on the Facebook page called "Eddy County Wall of Shame." *Id.* On or about March 10, 2023, Defendant Sanchez posted screenshots of Eric Threlkeld's personnel file on the same Facebook page. *Id.* at 3. Both posts contained Defendant Sanchez's personal derogatory comments. *Id.* Defendant Sanchez continued to post commentary and images disparaging Plaintiffs. *Id.* Soon after, Eddy County twice attempted to correct its wrongful disclosure. *Id.*

According to the Complaint, Plaintiffs are "in a position of public trust and respect" and the posts were intended to create "doubt in that public trust." *Id.* Plaintiffs allege that the public comments made in the posts substantially harmed their reputation and standing. *Id.* Although there are a total of five counts in the Complaint, only two are charged against Defendant Sanchez: (1) Count IV – Invasion of Privacy Publication of Private Facts and (2) Count V – Negligence Prima Facie Tort. (Doc. 1) at 6–7.

II.   *Legal Review*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint…." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Rule 12(b)(6) requires a complaint set forth the grounds of a plaintiff's entitlement to relief through more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Employees Ret. Sys. of*

*R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts view "well-pleaded factual allegations in a complaint…in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

III.     *Analysis*

   A.  *Count IV Invasion of Privacy – Publication of Private Facts*

To establish an invasion of privacy claim for publication of private facts, Plaintiffs must prove there was a (1) public disclosure of (2) private facts. "The tort of public disclosure is defined in New Mexico as 'disclosure which would be objectionable to a reasonable person, and a lack of legitimate public interest in the information.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1218 (10th Cir. 2007) (citation omitted). "The tort of publication of private facts 'involves the publication of true but intimate or private facts about the plaintiff, such as matter concerning the plaintiff's sexual life or health.'" *Id.* (citation omitted). In other words, Plaintiffs must allege Defendant Sanchez disclosed private facts whose disclosure would be objectionable to a reasonable person and in which there is a lack of legitimate public interest. For plaintiffs "to state a claim under the tort of public disclosure of private facts, they must allege a lack of legitimate public interest." *Id.* at 1219.

Defendant Sanchez argues the facts he published were not private facts and Plaintiffs fail to allege the necessary elements. (Doc. 9) at 5–8. In Response, Plaintiffs argue the facts

3

published were private facts and they did allege all necessary elements of an invasion of privacy claim. (Doc. 11) at 8.  Defendant Sanchez asks the Court to take judicial notice of the civil lawsuit he brought against Plaintiffs to establish the factual content included in the Facebook posts. (Doc. 9) at 2.  The Court, however, declines to take judicial notice of those facts at this time, and instead decides this Motion based on the facts alleged in the Complaint.[1]

The Court concludes Plaintiffs have failed to state a plausible invasion of privacy claim. The caselaw is clear that Plaintiffs must allege a lack of legitimate public interest, even if they allege sufficient facts to establish that the information was private and objectionable to a reasonable person.  Here, Plaintiffs fail to facially allege a lack of public interest in the information posted by Defendant Sanchez in Count IV of the Complaint.

In their Response, Plaintiffs refer the Court to NMSA 1978, § 14-2-1(C), which provides every person has a right to inspect public records of this state except "letters or memoranda that are matters of opinion in personnel files."  Plaintiffs argue this exception deems opinions in personnel files private and not matters of public concern.  The Court, however, construes this exception to mean letters and memoranda from personnel files are private facts, but it does not establish such information lacks public interest.  Taking the facts alleged in the Complaint as true, the Court determines Plaintiffs have failed to state a plausible invasion of privacy claim. Thus, the Court dismisses Count IV as it is alleged against Defendant Sanchez without prejudice.

---

[1] "Matters of public record *may* be subject to judicial notice and considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Romens v. City of Colo. Springs*, 2015 U.S. Dist. LEXIS 101028, at *5 (D. Colo. Aug. 3, 2015) (citing *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)) (emphasis added).

### B. Count V Negligence – Prima Facie Tort

Under New Mexico law, prima facie tort consists of four elements: (1) commission of an intentional, lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; *and* (4) the absence of sufficient justification for the injurious act. *Mischnick v. Klopf*, 2017 WL 11452998, at *4 (D.N.M.) (emphasis added). Prima facie tort "should not be used to evade stringent requirements of other established doctrines of law." *Schmitz v. Smentowski*, 1990-NMSC-002, ¶ 63.

Defendant presents two main arguments to support dismissing Count V. First, he argues the prima facie tort claim is duplicative of the invasion of privacy claim because it requires the same elements necessary to establish invasion of privacy. (Doc. 9) at 8. Second, Defendant Sanchez argues Plaintiffs fail to allege the necessary elements to establish a prima facie tort. *Id.* at 10. In Response, Plaintiffs argue the prima facie tort claim is not duplicative of the privacy claim and the claim meets the necessary elements. (Doc. 11) at 10–11.

The Court concludes that Plaintiffs have failed to allege sufficient facts to meet the necessary elements of a prima facie tort claim. In Count V of the Complaint, Plaintiffs allege: (1) that Defendant Sanchez published the information with the intent or knowing with certainty that publication would harm Plaintiffs and (2) Defendant Sanchez's actions harmed Plaintiffs. (Doc. 1) at 7. Plaintiffs do not allege Defendant Sanchez acted without sufficient justification.[2] Without sufficient factual allegations establishing all the necessary elements, the Court concludes Plaintiffs have failed to state a prima facie tort claim.

---

[2] Notably, in the preceding paragraph of the Complaint, Plaintiffs allege Defendants Roxann Brannon and Jacqueline Lucas' conduct "was not justifiable under all the circumstances." (Doc. 1) at 7, ¶ 48.

5

For the reasons stated above, the Court grants Defendant Sanchez's Motion to Dismiss Remaining Counts IV and V without prejudice.

IT IS SO ORDERED.

                                                       _____
                                                      UNITED STATES DISTRICT JUDGE