IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARED ROSTRO and
ERIC THRELKELD,

    Plaintiffs,

v.                                                     Case No. 24-cv-0055 KG/JHR

BOARD OF COUNTY COMMISSIONERS
OF EDDY COUNTY, ROXANN
BRANNON, and JACQUELINE LUCAS,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Remaining Counts II–V, (Doc. 19), filed on May 28, 2024. Plaintiffs filed their Response, (Doc. 22), on June 18, 2024, and Defendants filed their Reply, (Doc. 25), on July 30, 2024. Having considered the briefing and relevant caselaw, the Court grants Defendants' Motion to Dismiss.

*I.    Background*

According to the Complaint, Plaintiff Jared Rostro is employed by Eddy County as an investigator with the Eddy County Sheriff's Office (ECSO) and Plaintiff Eric Threlkeld is a Captain for ECSO. (Doc. 1) at 2. Plaintiffs allege Defendant Jacqueline Lucas, a Human Services Department employee, released Jared Rostro and Eric Threlkeld's unredacted personnel files to counsel for Eddy County, Cas Tabor. *Id.* Plaintiffs also allege Cas Tabor then released the files to Ramon Soto, counsel for Mr. Sanchez, who subsequently released the files to Mr. Sanchez. *Id.* Defendant Roxann Brannon manages the Human Resources Department of Eddy County and maintains the personnel files of the employees of Eddy County. *Id.*

On or about March 7, 2023, Mr. Sanchez posted screenshots of Jared Rostro's personnel file on the Facebook page "Eddy County Wall of Shame." *Id.* On or about March 10, 2023, Mr. Sanchez posted screenshots of Eric Threlkeld's personnel file on the same Facebook page. *Id.* at 3. Both posts contained Mr. Sanchez's personal derogatory comments. *Id.* Mr. Sanchez continued to post commentary and images disparaging Plaintiffs Rostro and Threlkeld. *Id.* Soon after, Eddy County twice attempted to correct its wrongful disclosure. *Id.*

According to the Complaint, Plaintiffs are "in a position of public trust and respect" and the posts were intended to create "doubt in that public trust." *Id.* Plaintiffs allege the public comments made in the posts substantially harmed their reputation and standing. *Id.* Additionally, Plaintiffs allege Eddy County, Roxann Brannon, and Jacqueline Lucas failed to use due care in wrongfully releasing confidential information which enabled Mr. Sanchez to commit his acts. *Id.*

On September 12, 2024, this Court granted Mr. Sanchez's Motion to Dismiss, (Doc. 27), thus, the remaining defendants are the Board of County Commissioners of Eddy County, Roxann Brannon, and Jacqueline Lucas. Now, Defendants request this Court dismiss Counts II-V of the Complaint under Rule 12(b)(6) and/or lack of subject matter jurisdiction. However, in their Response, Plaintiffs limit the allegations in Count III against Eddy County. (Doc. 22) at 9. Plaintiffs also stipulate to dismissing Counts IV and V as they are alleged against Eddy County, Roxann Brannon, and Jacqueline Lucas. (Doc. 22) at 9. Therefore, the Court will analyze only Counts II and III.

II.    *Legal Review*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion

tests the sufficiency of the allegations within the four corners of the complaint...." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Rule 12(b)(6) requires a complaint set forth the grounds of a plaintiff's entitlement to relief through more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Employees Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts view "well-pleaded factual allegations in a complaint...in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

III.   Analysis

   A.   *Count II Wrongful Disclosure Under the NM Inspection of Public Records Act*

The Court concludes Plaintiffs have not alleged sufficient facts to support a violation of the New Mexico Inspection of Public Records Act (IPRA). In the Complaint, Plaintiffs allege, without more, Defendants "included documents and information regarding the Plaintiffs that should not have been disclosed." (Doc. 1) at 5. Presumably, Plaintiffs are alleging the unredacted personnel files included information that is enumerated in NMSA 1978, § 14-2-1

(2023). According to NMSA 1978, § 14-2-1 (B)-(C), every person has a right to inspect public records of this state except "letters of reference concerning employment," and "letters or memoranda that are matters of opinion in personnel files." While this is true, the Court is left to guess what, if any, documents and information were wrongfully disclosed because it is not stated in the Complaint. Plaintiffs do not explicitly allege the unredacted personnel files include matters of opinion or letters of reference. The Court acknowledges Plaintiffs may be withholding what is contained in the documents to avoid further harm. Even so, Plaintiffs must allege the information disclosed was of the kind enumerated in NMSA 1978, § 14-2-1 (exceptions).

Both parties discuss, in detail, statutory and legislative intent to determine whether a private cause of action may arise out of an IPRA violation. *See* (Doc. 19) at 5, (Doc. 22) at 6. At this time, this discussion is premature given the lack of factual allegations in the Complaint. Thus, the Court dismisses Count II, without prejudice, for failure to allege sufficient factual allegations to state a claim for an IPRA violation.

### B. *Count III Violation of New Mexico Civil Rights Act*

The Court concludes Plaintiffs have failed to allege sufficient facts to meet the necessary elements of a violation of the New Mexico Civil Rights Act. NMSA 1978, § 41-4A-3(B) (2021), the New Mexico Civil Rights Act, states:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

Here, Plaintiffs do not specify which of Eddy County's actions resulted in a deprivation of rights. Plaintiffs allege, in a blanket statement, they "suffered a deprivation of their rights,

4

privileges and immunities pursuant to the bill of rights of the constitution of New Mexico." (Doc. 1) at 6.  Plaintiffs do not specify which rights, privileges, and/or immunities were violated.  This Court is prohibited from "presuming as true any legal conclusions, unadorned accusations, or perfunctory regurgitations of legal elements." *Griffin v. City of Artesia*, 2023 U.S. Dist. LEXIS 145117, at *21 (D.N.M.).  Because Plaintiffs alleged only a perfunctory regurgitation of the Civil Rights Act, the Court concludes Plaintiffs have failed to state a violation of the New Mexico Civil Rights Act.

Finally, in their Response, Plaintiffs move in the alternative for leave to amend their Complaint.  The Court, however, advises Plaintiffs that the appropriate route is to file a separate motion for leave to amend.

For the reasons discussed above, the Court grants Defendants' Motion as it relates to Counts II and III without prejudice.  Therefore, only Count I, Violation of Civil Rights under 42 U.S.C. § 1983, against Eddy County, Roxann Brannon, and Jacqueline Lucas remains.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE